# United States District Court

## WESTERN DISTRICT OF MICHIGAN

**UNITED STATES OF AMERICA**

v.

**REED STANLEY BERRY**

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 1:11-mj-82

In accordance with the Bail Reform Act, 18 U.S.C.§3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I - Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. §3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

  ☐ a crime of violence as defined in 18 U.S.C.§3156(a)(4).

  ☐ an offense for which the maximum sentence is life imprisonment or death.

  ☐ an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____

  ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C.§3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

## Alternate Findings (A)

☐ (1) There is probable cause to believe that the defendant has committed an offense

  ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____

  ☐ under 18 U.S.C.§924(c).

☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

## Alternate Findings (B)

☒ (1) There is a serious risk that the defendant will not appear.

☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

Defendant is a 26-year-old with a lengthy record of convictions dating back to when he was a minor. His record also reflects a lengthy history of marijuana use, beginning when he was 17, and culminating in daily use until the summer of 2009. Significantly, defendant was convicted and sentenced in June 2007 for the delivery/manufacture of marijuana, so any use of marijuana after that date was not only a violation of the law, but of his probation/parole as well.

Testimony at the hearing on this motion established that the defendant knew the FBI was (continued on attachment)

## Part II - Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by a preponderance of the evidence that no condition or combination of conditions will assure the presence of the defendant for future court proceedings and by clear and convincing evidence that no condition or combination of conditions will assure the safety of the community, if defendant was released. In addition to the present offense, defendant is well aware the FBI is using considerable resources to investigate whether defendant has been participating in terrorist-related activities. He is aware (continued on attachment)

## Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: September 28, 2011

/s/ Hugh W. Brenneman, Jr.
*Signature of Judicial Officer*

Hugh W. Brenneman, United States Magistrate Judge
*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. §801 *et seq.* ); (b) Controlled Substances Import and Export Act (21 U.S.C. §951 *et seq.* ); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. §955a).

United States v. **REED STANLEY BERRY**
1:11-mj-82
**ORDER OF DETENTION PENDING TRIAL**
Page 2.

**Alternate Findings (B)** - (continued)

investigating him for terrorist-related activities, but he nevertheless attempted to ram the car of a special agent of the FBI who was surveilling him on the weekend of September 11, 2011.

Defendant's criminal record is replete with instances showing a repeated disregard of the judicial system. On six or more occasions, defendant has had his bond, probation or parole revoked, resulting in him being returned to prison or other custody.

Defendant also told the FBI that he had been planning to join his wife in London and never return to the United States before the federal government put him on a no-fly status. Defendant also purportedly told a defendant who has been indicted for terrorist-related activities that he (Berry) wanted to travel to Somalia "for vacation."

Defendant is aware of how seriously the FBI is pursuing an investigation of him pertaining to alleged terrorist-related activities.

**Part II - Written Statement of Reasons for Detention** - (continued)

he has been put on the no-fly list. He has a wife in London. He has told the FBI that he wants to leave this country and never return. He has allegedly told at least one other person under indictment for terrorist-related activities that he would like to go to Somalia, the home of a known terrorism organization. Thus, he has a substantial interest in fleeing and has said that if he leaves the United States, he does not intend to return. The court further finds that defendant has been continually involved in criminal activity during his adult life and that when placed under the trust of the court will, based upon past performance, be unmanageable and can be expected to commit further misconduct. If a defendant's behavior is unmanageable when he is on bond, probation or parole, there is no way for the court to assure the safety of the community.